STENER B. HALVERSON, RESPONDENT, v. ROBERT SIMPSON, APPELLANT.

Submitted October 28, 1932—Decided January 31, 1933.

For the respondent, *Freeman & Freeman.*

For the appellant, *Max P. Arlt* (*Addison P. Rosenkrans,* of counsel).

The opinion of the court was delivered by

BROGAN, J. This case presents an appeal from the Passaic County Circuit Court wherein a verdict was directed in favor of the plaintiff.

Plaintiff, the assignee of S. White & Company, a Wisconsin corporation (also known as White Linen Mills), brought suit to recover the purchase price of five tons of linen yarn which

the defendant refused to accept. The origin of the suit arose out of two options dated July 3d, 1924, and February 18th, 1925, given by plaintiff's assignor to one J. Sidney Starling, the assignor of the defendant. The acceptance of these options by the defendant converted them into a contract.

The first option comprehended the sale of certain machinery used in the manufacture of linen but this case is concerned not at all with the machinery but only with the meaning of the option or agreement concerning the yarn. The pertinent clause of the option, or supplemental agreement of February 18th, 1925, provided:

"Regarding the yarn, amounting to approximately ten (10) tons, as set forth in the option dated the 3d day of July, 1924. Mr. Starling (defendant's assignor) agrees that if the White Linen Mills (plaintiff's assignor) see fit to do so, they have the right to withdraw all but one (1) ton, providing they give notice to said Starling of their intention to do so in writing before he takes up the option herein."

It is undisputed that plaintiff or his predecessor in interest did withdraw five tons of the yarn from sale and offered to deliver the five tons that remained out of the original ten. As a matter of fact one of plaintiff's warehouses containing five tons of yarn was burned down and the contents destroyed, of which defendant had notice. Defendant below took the position that, under the language quoted above, it was incumbent upon the plaintiff to tender the full ten tons of yarn under the agreement or one ton only, *i. e.,* that the agreement permitted him to withdraw nine tons or none at all.

The case was, in the first instance, referred by consent to a master in Chancery, to act as referee, who heard the case, filed his report, and recommended a judgment in favor of the plaintiff for the sum of $5,711.32. Neither side reserved the right of trial by jury. The report of the referee was confirmed and the defendant appealed to the Supreme Court where the appeal was dismissed. The defendant then applied to the Passaic County Circuit Court for a retrial which was granted, and at the end of the trial in that court a verdict was directed in favor of the plaintiff in the sum above men-

tioned and the referee's report was again confirmed, and defendant appealed to this court.

The grounds for reversal here are (a) that there should not have been a directed verdict in favor of the plaintiff and against the defendant, but rather the defendant should have had a verdict of no cause of action in its favor, and (b) the report of the referee should not have been admitted in evidence.

A reading of the contract in question admits of no other reasonable construction but that the plaintiff had the right to withdraw from the proposed consignment of yarn any amount of that material in its discretion up to nine tons; that its covenant, under the language of the contract, bound it to deliver at least one ton. To accept the defendant's construction of the contract would be putting a strain upon the language of the instrument itself and would ascribe to it a narrowness of construction which clearly is not borne out by a reading of the instrument itself, or the intention of the parties as expressed therein. This is a fundamental rule of construction of contracts. *International Signal Co.* v. *Marconi Wireless Telegraph Co.,* 89 *N. J. Eq.* 319; *Basic Iron Ore Co.* v. *Dahlke,* 103 *N. J. L.* 635.

The appellant's second contention, challenging the admission of the master's report in evidence before the jury, is abandoned by the appellant and therefore needs no consideration.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.